Henderson, Chief-Justice,
disscniicnte.-'t'he plea of non est factum does not necessarily deny* and put in issue all the allegations in the declaration. As where an assignee of a reversion brings an action on a covenant contained in the lease, and which runs with the land, as annexed to the estate in the land. Oran action is brought by an assignee ©f a reversion upon some covenant made assignable by the Slat, of Hen. 8, as passing with the estate. In these cases, non est factum only denies the execution of the lease or deed, on which the action is brought, as containing the covenant sued on. The assignment is not thereby put in issue, and of course need not be proven on the trial. It is a separate and distinct averment from the making of the deed. So here, this bond is given to the *516 Justices of Pasquotank County. The action is brought by A, B, &c. with an averment, that they are or were J i Justices of Pasquotank. This is a distinct and separate airmen! from the one, that the Defendant made the bond to the Justices of Pasquotank| and not being denied, as said above, need not be proven. The plea of non est factum here goes to the making of the bund to the Justices of Pasquotank ; not to the averment, that A, B, etc. are Justices. It is unlike the case to which it was compared in the argument; that is, where a bom! is made to J. S. and another J. S, gets possession of and sues on it. Here J. S. who sues must show, on the plea of non est factum, that he. is the J. S. named in the bond. For in such case, there is but one averment, to-wit, that the Defendant made the bond to him J. S. which the plea of non est factum denies. On the trial the Plaintiff must prove, that he is the J. S. named in the bond. And so of all other obligees. But this passes unnoticed most commonly, because possession of the bond is at least primafacie evidence, that the Plaintiff is the J. 8.meant. It is therefore non est factum to you But, as was said before, this arises from its being all one allegation.— But the case now under consideration contains two distinct allegations; first, that the Defendant made the bond to the Justices of Pasquotank; and secondly, that A, B, &c. the Plaintiffs are the Justices. Mon est factum is therefore confined to its appropriate denial, that is, that of making the bond to the Justices, and not to the allegation that A, B, &c. are the Justices. Being a distinct fact, and not denied, I think it need not have been proven on the trial, and that the judgment ought to be affirmed ; but as my brethren think differently, the judgment must be reversed.
Per Curiam. — Let the judgment below be reverse^ tod a new trial granted.